IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TAWAYNE DEVONE LOVE,

         Movant,

v.                                CIVIL ACTION NO.  2:08-cv-00192
                                        (Criminal No. 2:03-cr-00187-1)

UNITED STATES OF AMERICA,

         Respondent.

**MEMORANDUM OPINION AND ORDER**

Movant Tawayne Love, acting pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [ECF 564]. Movant later filed in this case a second motion to vacate, set aside, or correct sentence [ECF 592], which the Court construes as a supplement to first § 2255 motion.

Since the filing of United States Magistrate Judge Mary E. Stanley's Second PF&R [699], Movant has—as he has throughout the duration of this case and in his underlying criminal case—filed a litany of miscellaneous motions that are largely either meritless or untimely or both. For the reasons that follow, the Court **OVERRULES** Movant's objections, **ADOPTS** the Second PF&R [ECF 699] to the extent it is consistent with this Opinion, and **DENIES** Movant's § 2255 Petition [ECF 564, 592].

## I. BACKGROUND

The full factual background and procedural history of this case is set out in exhaustive detail in the First PF&R filed November 2, 2009, (ECF 666), the Order of May 21, 2010, (ECF 696), and the Second PF&R (ECF 699). In summary, on June 22, 2004, Movant pleaded guilty before United States District Court Judge Joseph R. Goodwin pursuant to a written plea agreement to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Movant later twice moved to withdraw his guilty pleas, which motions Judge Goodwin denied. Following several continuances of the sentencing hearing, Judge Goodwin sentenced Movant on May 9, 2005, to a total term of imprisonment of 360 months, followed by a ten-year term of supervised release. On March 6, 2006, the Fourth Circuit affirmed Movant's conviction and sentence. *United States v. Love*, No. 05–4538, 172 Fed. App'x 504 (4th Cir. 2006).

By Standing Order entered August 1, 2006, and filed in this case on March 25, 2008, this action was referred to former Magistrate Judge Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her First PF&R on November 2, 2009, recommending that the district judge deny the § 2255 motion and dismiss the case. (ECF 666.)

On December 16, 2009, Judge Goodwin adopted the PF&R in a Memorandum Opinion and Order, denied Movant's § 2255 motion, and dismissed the case from the docket. (ECF 673, 674.) More specifically, Judge Goodwin adopted the proposed findings and recommendations of the magistrate judge as detailed in the First PF&R (ECF 666). (ECF 673.) These adopted findings included the rejection of Movant's claim that he was actually innocent of the crimes to which he pleaded guilty. (ECF 666 at 33–35.) The magistrate judge reasoned that this claim was

2

previously rejected by Judge Goodwin and, because Judge Goodwin's determination was upheld on direct appeal, could not be re-litigated. *Id* at 35. The adopted findings also included the finding that the Assistant United States Attorney did not breach the plea agreement because he did not recommend a specific sentence when he recommended a sentence within the applicable sentencing guideline range. *Id.* at 23–24.

On December 31, 2009, Movant timely filed a motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e), (ECF 675), as well as a motion to amend pleadings, (ECF 676). By Order dated January 1, 2010, Judge Goodwin granted the motion to alter judgment stating as follows:

> In his Rule 59(e) motion, the petitioner argues that the court "procedurally defaulted an actual innocence claim that had not been fully adjudicated on its merits." (Mot. Alter J. ¶ 5.) The petitioner argues the Magistrate Judge, in her Proposed Findings and Recommendation, did not assess the affidavits that Love had submitted to support his actual innocence argument. (*Id.*) Upon reconsideration, I agree. Although the Magistrate Judge referred to the affidavits, she did not assess their probative value. (Proposed Findings & Recommendations [Docket 666] 34-35.) She correctly noted that the petitioner's actual innocence claim had already been rejected by this court, but she failed to consider the new evidence submitted by the petitioner. (*Id.*) Therefore, I **GRANT** the petitioner's Motion to Alter or Amend this court's December 16, 2009 Memorandum Opinion Order by revoking my adoption of the Magistrate Judge's Findings and Recommendation and re-referring the petitioner's actual innocence issue to the Magistrate Judge.
>
> The petitioner also objects that the issue of whether the government violated the plea agreement was wrongly decided. His Motion to Amend the Pleadings seeks to further bolster his argument on this issue. Since I have already decided to re-refer the actual innocence issue to the Magistrate Judge, I also re-refer the plea agreement violation issue and refer the petitioner's Motion to Amend the Pleadings [Docket 676] to the Magistrate Judge.

(ECF 677 at 1-2.) Movant subsequently filed a second motion to amend pleadings on March 29, 2010. (ECF 685.)

By Order dated May 21, 2010, Magistrate Judge Stanley granted Movant's first motion to amend pleadings, (ECF 676),[2] and denied Movant's second motion to amend pleadings, (ECF 685) (ECF 696.) On May 27, 2010, this case was transferred from Judge Goodwin to the undersigned.[3] (ECF 697.)

On May 28, 2010, Magistrate Judge Stanley filed a Second PF&R [ECF 699] recommending that this Court dismiss Movant's remaining claims and enter a final judgment order denying collateral relief.

## II. STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the Second PF&R in this case were due on June 14, 2010, and Movant filed objections on June 17, 2010. (ECF 709.)[4]

---

[2] The Court notes that in the second PF&R, Magistrate Judge Stanley recommended that "Defendant's Motion to Amend Pleadings (ECF 676) be denied." (ECF 699 at 17-18.) This recommendation is in error because the magistrate judge granted the motion a week earlier in her May 21, 2010, order (ECF 696).

[3] Movant is advised that Chief Judge Goodwin is conflicted out of criminal matters in this district, and as such his letter-form Motion to Reconsider Order Reassigning Case [ECF 705] is **DENIED**.

[4] Movant filed a letter-form motion on June 9, 2010, for a brief extension of time to file objections. (ECF 704.) For good cause shown, the motion [ECF 704] is **GRANTED**, and the Court considers Movant's objections as timely filed.

## III.   DISCUSSION

As the record shows, Plaintiff is a prolific pro se filer.   After the filing of the second PF&R (ECF 699), he filed his objections to the PF&R, as was his right to do (ECF 709).   He also filed numerous other motions and documents (*e.g.* ECF 700, 703–708, 713–21, 723, 728–733.)   These motions have been or will be ruled upon elsewhere in this Opinion.   Here, the Court will focus its analysis on the matters set forth in Movant's objections filed on June 17, 2010.

Plaintiff enumerates ten separate objections to the Second PF&R (ECF 709.)   Judge Goodwin's January 1, 2010, Memorandum Opinion and Order re-referred to the magistrate judge only three discrete issues to the magistrate judge:   (1) "the actual innocence issue"; (2) "the plea agreement violation issue"; and (3) the Movant's motion to amend the pleadings [ECF 676].   The other issues ruled upon by Judge Goodwin in his January 1, 2010, order are the law of this case and are not subject to re-litigation at this late juncture.   Stated differently, Judge Goodwin's re-referral of these specific three matters did not throw open the door to yet another round of argument on matters that have been settled by Judge Goodwin or that Movant should have but did not previously raise.

Of his ten enumerated objections, the Court will consider objections concerning the issues of actual innocence and the alleged violation of the plea agreement.   These objections are largely scattered throughout the objections enumerated by Movant as objections 3 and 5–9.   (ECF 709 at 11–19).   The third issue Judge Goodwin referred to the magistrate judge–Movant's motion to amend the pleadings [ECF 676]—need not detain the Court because, as noted above, the magistrate judge ruled in Movant's favor on this motion in her May 21, 2010, Order and granted it.

5

*See* ECF 696. The Court will not adopt the magistrate judge's contradictory recommendation in her May 28, 2010, Second PF&R to deny this motion. Accordingly, this objection is moot.

  A.  *Actual Innocence Claim*

Movant objects to the magistrate judge's proposed finding that no extraordinary circumstances are presented in this case meriting an exception to the strong presumption of verity of a defendant's solemn declarations in open court affirming a plea agreement. Movant states that he assumes that the magistrate judge's analysis was based on *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005), a case cited by the magistrate judge in the Second PF&R. Movant attempts to distinguish *Lemaster* and asserts that the "factual predicates of *Lemaster* are drastically different than this case." (ECF 709 at 12.)

A court may grant habeas corpus or § 2255 relief, irrespective of procedural default, if the movant can show that he is "actually innocent" of the offense underlying his conviction or guilty plea, and therefore relief must be granted to prevent a "miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also United States v. Maybeck*, 23 F.3d 888, 893 (4th Cir. 1994). To establish actual innocence, a movant must show that his guilty plea "has probably resulted in the conviction of one who is actually innocent," *Bousley*, 523 U.S. at 623–624 (citation omitted), and must make that showing with "clear and convincing evidence" that was "not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 558–59 (1998). Moreover, "allegations in a § 2255 motion that directly contradict the [Movant's] sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). "[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn

6

statements." *Id.* at 222.

A guilty plea may be rendered involuntary if the evidence shows "misunderstanding, duress, or misrepresentation by others" demonstrating a constitutional deficiency. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). In the Second PF&R, the magistrate judge thoroughly addressed the actual innocence issue re-referred to her by Judge Goodwin. The magistrate judge summarized the pertinent procedural background, noting that Movant twice attempted to withdraw his guilty plea and that Judge Goodwin conducted an evidentiary hearing on the motion, made extensive findings, and denied the motion. (ECF 699 at 3–4.) The magistrate judge also noted that Movant directly appealed the issue of whether Judge Goodwin erred in denying Defendant's motion to withdraw his guilty plea and cited pertinent portions of the parties' appellate briefs which explicitly addressed Movant's claim of actual innocence. *Id.* at 4–6. The magistrate judge then noted that the Fourth Circuit affirmed Judge Goodwin's denial of the motion to withdraw the guilty plea. The magistrate judge then carefully cited and discussed the legal standards that bar assertion of claims of actual innocence in a collateral attack that were litigated on appeal. *Id.* at 7–9. These authorities stand for the general rule that issues previously decided on appeal will not be allowed to be recast under the guise of collateral attack, *Boeckenhaupt v. United States*, 537 F.2d 1182, 1182–83 (4th Cir. 1976); and, that absent extraordinary circumstances, allegations in a § 2255 motion that directly contradict a movant's sworn statements in a properly conducted Rule 11 colloquy are always palpably incredible, patently frivolous and false, and a court should dismiss a § 2255 without holding an evidentiary hearing. *Lemaster,* 403 F.3d at 221.

*Lemaster* cited two cases as examples of the types of "extraordinary circumstances" that

merit an evidentiary hearing rather than summary dismissal. The first case was *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). There, the Government conceded that the ineffectiveness of the movant's counsel rendered the movant's guilty plea involuntary; thus, an evidentiary hearing was warranted to determine if the prosecutor had orally agreed that the defendant could plead guilty conditionally. *Id.* The second was *Fontaine v. United States*, 411 U.S. 213 (1973). In *Fontaine*, the movant made detailed factual allegations regarding alleged circumstances occurring after his arrest and before his appearance in court. *Id.* at 214. The movant's allegations described physical abuse and also the movant's hospitalization from a gunshot wound, which was documented by records tendered in support of his § 2255 petition. *Id.* The records also showed that a month following the plea the movant was again hospitalized for heroin addiction, for aggravation of the earlier gunshot wound, and for other severe illnesses. *Id.* The Court held: "On this record, we cannot conclude with the assurance required by the statutory standard 'conclusively show' that under no circumstances could the petitioner establish facts warranting relief under § 2255." *Id.* at 215.

The Court rejects Movant's claim that, because he has tendered documentary evidence, that is, affidavits, in support of his claims, he is necessarily entitled to an evidentiary hearing under *Lemaster*. The magistrate judge mounted a thorough examination of Movant's claims and the affidavits he tendered in support of those claims. Notably, although Movant has throughout these tortuous proceedings repeatedly attempted to pin the crack cocaine found in his bedroom on his cousin, Anthony Smith, Movant has not tendered an affidavit from Mr. Smith, a fact noted by the magistrate judge. Also noted by the magistrate judge, this claim is undermined by the declarations of one of the law enforcement officers who investigated Movant and the prosecuting

8

attorney.  As did the magistrate judge, the Court has reviewed the other affidavits tendered by Movant prior to the filing of the Second PF&R, as well as the affidavits filed after the Second PF&R.[1]  The Court finds that the tendered affidavits have minimal probative value for the same reasons articulated by the magistrate judge in her Second PF&R; thus, the magistrate judge's analysis is sound and is adopted by this Court.  Unlike the Court in *Fontaine*, the evidence submitted here conclusively shows that under no circumstances could Movant establish facts warranting relief under § 2255.  Because Movant has failed to demonstrate the existence of extraordinary circumstances, and because his allegations in his § 2255 motion and supporting evidence directly contradict his sworn statements in the properly conducted Rule 11 colloquy, they are palpably incredible, and patently frivolous and false.

Finally, with respect to Movant's contention that the magistrate judge erred in finding that Movant had litigated his actual innocence claim on direct appeal, that assertion is meritless and is beyond the scope of the narrow issue re-referred to the magistrate judge.   Nonetheless, it appears that Movant's actual innocence assertions were litigated on direct appeal and are therefore barred on collateral attack.

### B. *Breach of Plea Agreement Claim*

Movant's other relevant objection concerns his claim that the Government violated the plea agreement by recommending a sentence within the applicable sentencing guideline range.  Specifically, Movant objects to the magistrate judge's recommendation that, because Movant did not object at sentencing to this alleged error and did not raise this issue in his direct appeal, he has procedurally defaulted this claim and must show cause and prejudice to raise it now.   (ECF 709 at

---

[1]  Thus, the Court **GRANTS** Movant's motions for leave to file affidavit and expand the record [ECF 724, 730].

15–18.) He notes that the magistrate judge did not make this recommendation in her First PF&R. *Id.* at 15. He also argues that he made this argument in his § 2255 motion and, thus, "has actually plead[ed] the 'cause' component of procedural-default regarding this issue." *Id.* at 16. He also asserts that "it would appear that [he] would not have to establish 'prejudice'", citing with no discussion, *Santobello v. New York*, 404 U.S. 257 (1971), but "to be safe" has amended his § 2255 to assert the prejudice component. *Id.* Movant also generally rehashes his argument that the Government breached the plea agreement citing *United States v. Hayes*, 946 F.2d 230, 232 (3d Cir. 1991).

The Court observes that the narrow issue of whether the Assistant United States Attorney breached the plea agreement has been now addressed in no fewer than three times by Judges of this Court. First, by Magistrate Judge Stanley in the First PF&R (ECF 666 at 22). Second, by Judge Goodwin in his December 16, 2009, Memorandum Opinion and Order (ECF 673 at 2–3). Third, by Magistrate Judge Stanley in the Second PF&R (ECF 699 at 13–16.) With the benefit of these filings, the Court has little difficulty rejecting Movant's contentions. For the reasons stated by Judge Goodwin and Magistrate Judge Stanley, there was no breach of the plea agreement, Movant's remaining arguments are without factual and legal merit, and his citation to legal authority misplaced. Accordingly, the Court **OVERRULES** Plaintiff's objection to the recommendation that Movant has procedurally defaulted his claim that the Government breached the plea agreement.

In light of the Court's ruling, Defendant's motions are **DENIED** [ECF 700, 706–708, 713–717, 719, 721, 729, and 732.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C.

10

§ 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a), Movant may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Movant's letter-form motion to extend time to file [ECF 704]; motion for leave to file an affidavit in support of his § 2255 motion [ECF 724]; and motion to expand the record [ECF 730].

The Court **DENIES** Movant's motion to reconsider and hold proceedings in abeyance [ECF 700]; letter-form motion to reconsider order reassigning case [ECF 705]; three separate motions to amend [ECF 706, 708, 713]; motion to re-open previously decided issues [ECF 707]; motion to continue [ECF 714]; motion for judicial notice [ECF 715]; motion to submit interrogatories [ECF 716]; motion to compel [ECF 717]; motion for sanctions [ECF 719]; letter-form motion to seal [ECF 721]; motion to delay ruling as moot [ECF 729]; motion to expand the record [ECF 730]; and motion to supplement the petition [ECF 732].

The Court **OVERRULES** Movant's objections, **ADOPTS** the Second PF&R [ECF 699] to the extent it is consistent with this Opinion, **DENIES** Movant's § 2255 Petition [ECF 564, 592],

11

and **DIRECTS** the Clerk to remove this case from the Court's docket.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    September 30, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE