IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:03-00187-01

TAWAYNE DEVONE LOVE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion for Reduction of Sentence pursuant to the First Step Act filed by the defendant, Tawayne Love. [ECF No. 786]. On September 11, 2019, the Fourth Circuit remanded the Motion for the limited purpose of ruling on Mr. Love's pending Motion for Reduction of Sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). [ECF No. 794]. For the reasons that follow, Mr. Love's Motion is **DENIED** as to his sentence imposing a term of imprisonment and **GRANTED** as to his sentence imposing a term of supervised release.

    I.    **First Step Act**

The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or

the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted).

The First Step Act of 2018 expressly allows courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019). Section 404 of the First Step Act applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. Any defendant sentenced before the effective dates of the Fair Sentencing Act (August 3, 2010), and who did not receive the benefit of the changes to the statutory penalties made by the Act, is eligible for a sentence reduction under the First Step Act. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base that triggers the mandatory minimum and maximum penalties under 21 U.S.C. § 841.

The First Step Act places significant discretion with the United States District Courts. *See Wirsing*, 943 F.3d at 180. It does not specify the nature and extent of the relief available. Courts are not compelled to grant relief. The First Step Act grants authority to the sentencing judge to make the final determination about whether to lower an eligible defendant's sentence and if so, how much that sentence should be lowered.

## II. Discussion

### a. Statutory Penalties

Mr. Love is eligible for consideration of a sentence reduction under the First Step Act. On June 22, 2004, Mr. Love plead guilty to the following: Count Five of the

2

indictment, Possession with the Intent to Distribute 50 Grams or More of Cocaine Base ("Count Five") and Count Six of the indictment, Possession of a Firearm in Furtherance of a Drug Trafficking Crime ("Count Six"). The First Step Act affects how Count Five is classified but has no effect on Count Six.

Prior to the Fair Sentencing Act of 2010, Possession with the Intent to Distribute 50 Grams or More of Cocaine Base carried a penalty of a minimum of ten years to life imprisonment, followed by a term of supervised release of at least five years. A conviction carrying these penalties qualifies as a Class A felony. The Fair Sentencing Act amended 21 U.S.C § 841(b)(1)(A)(iii) to require 280 grams of cocaine base to trigger the associated minimum and maximum penalties. After the enactment of the Fair Sentencing Act, Distribution of 50 Grams or More of Cocaine Base is covered under 21 U.S.C. § 841(b)(1)(B)(iii), which carries a penalty of a minimum of five years to forty years imprisonment, followed by a term of supervised release of at least four years. A conviction carrying these penalties qualifies as a Class B felony. Section 404 of the First Step Act therefore places Mr. Love's cocaine base conviction, Count Five, within the scope of 21 U.S.C. § 841(b)(1)(B)(iii).

However, the defendant's statutory penalties were increased as a repeat offender pursuant to an Information filed by the Government under 21 U.S.C. § 851. The Information originally increased Mr. Love's penalties to a minimum of 20 years and a maximum of life imprisonment, followed by at least ten years of supervised release. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Considering the First Step Act's reclassification of Mr. Love's 2004 conviction for Possession with the Intent to

Distribute 50 Grams or More of Cocaine Base, the Information increases his penalties to a minimum of ten years and a maximum of life imprisonment, followed by at least eight years of supervised release.

### b. Sentencing Guidelines

Mr. Love was originally sentenced to a term of imprisonment of 300 months followed by ten years of supervised release on Count Five, and a term of imprisonment for sixty months followed by five years of supervised release on Count Six. The terms of imprisonment run consecutively, for a total sentence of 360 months or thirty years. And the terms of supervised release run concurrently for a total sentence of ten years.

At the sentencing hearing on May 9, 2005, the Court found that the amount of cocaine base attributable to Mr. Love was 86.4 grams of cocaine base, which under the 2004 United States Sentencing Guidelines ("Guidelines") established a base offense level of 32 for Count Five. U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (U.S Sentencing Comm'n 2004). Mr. Love was also subject to the provisions of the Career Offender enhancement. He was older than 18 years of age at the time Count Five was committed. Count Five qualifies as a felony conviction of a controlled substance offense. He had two prior felony convictions: (1) for Possession of Marijuana with Intent to Distribute, which qualifies as a controlled substance offense under § 4B1.2, and (2) for Second Degree Murder, which qualifies as a crime of violence under § 4B1.2. *See id.* § 4B1.2. Accordingly, pursuant to § 4B1.1, his total offense level was increased to 37 and his criminal history category automatically became VI, yielding

a guideline range of 360 months to life imprisonment. *See id.* As previously stated, I sentenced Mr. Love to 300 months of imprisonment on Count Five, which constituted a downward variance from the applicable Guideline range.

Applying the First Step Act does not change Mr. Love's Guideline sentencing range. The Fourth Circuit directs district courts to decide a new sentence under the First Step Act "by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *United States v. Brooks*, 788 F. App'x 213, 214 (4th Cir. 2019) (quoting *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)). In *Brooks*, the Fourth Circuit rejected the application of an amendment to the Guidelines in the context of considering a motion under the First Step Act because the amendment occurred after the original sentence and because the amendment was not retroactive. *Brooks*, 788 F. App'x 213 at 214. Amendment 782 modified the Drug Quantity Table, lowering the base offense levels assigned to different amounts of cocaine base. Unlike the amendment in *Books*, Amendment 782 is retroactive. *See* Sentencing Guidelines Manual § 1B1.10 (U.S Sentencing Comm'n 2018). Therefore, it is appropriate to apply Amendment 782 to Mr. Love's case. *See Brooks*, 788 F. App'x 213 at 214. Under the amended Drug Quantity Table, 86.4 grams of cocaine base establishes a base offense level of 24. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(8) (U.S Sentencing Comm'n 2018). His total offense level, however, increases to 37 because of the Career Offender enhancement. *See id.* at § 4B1.1(b). Mr. Love's Guideline range—as

amended by the First Step Act and considering any appropriate Guideline amendments—is 360 months to life imprisonment.

### III. Conclusion

The First Step Act affects Mr. Love's exposure to statutory penalties but does not change his Guideline sentencing range. Mr. Love's original minimum imprisonment exposure was a total of twenty-five years (twenty years for Count Five and five years for Count Six, required to run consecutively). He also was statutorily required to serve a minimum of ten years of supervised release (ten years for Count Five and five years for Count Six, which could run concurrently). The First Step Act changes Mr. Love's minimum imprisonment exposure to a total of fifteen years (ten years for Count Five and five years for Count Six, required to run consecutively). The First Step Act also changes Mr. Love's mandatory minimum supervised release period to a total of eight years (eight years for Count Five and five years for Count Six, which can run concurrently). Because of Mr. Love's career offender designation, however, his Guideline sentencing range—considering the First Step Act and appropriate Guideline amendments—would be 360 months to life in prison, which is no different than when he was originally sentenced. At his original sentence, I varied down sixty months, imposing 300 months on Count Five and the mandatory minimum sixty months on Count Six to run consecutively. I decline to reduce Mr. Love's prison sentence based on the First Step Act.

I do find that the First Step Act warrants a decrease in Mr. Love's term of supervised release. I originally imposed a ten-year term of supervised release—the

mandatory minimum at the time. The First Step Act reduces the mandatory minimum period of supervised release to eight years on Count Five. I therefore find it appropriate to decrease Mr. Love's sentence of supervised release from ten years to eight years on Count Five. This sentence of eight years of supervised release on Count Five shall run concurrently with Mr. Love's sentence of five years of supervised release on Count Six.

The Motion for Reduction of Sentence [ECF No. 786] is **DENIED** regarding the term of imprisonment and **GRANTED** regarding the term of supervised release. This court now reduces Mr. Love's sentence of supervised release to eight years on Count Five, to run concurrently with the term of supervised release on Count Six.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     March 27, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE