IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:03-00187-01

TAWAYNE DEVONE LOVE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

There are four filings pending before the court: (1) Defendant Tawayne Love's Motion for Reduction of Sentence pursuant to the First Step Act [ECF No. 786] filed May 19, 2020; (2) Defendant's Motion to Resubmit Previous Filings [ECF No. 809] filed August 24, 2020; (3) Defendant's Motion for Discovery [ECF No. 810] filed August 31, 2020; and (4) Defendant's Motion to Expedite [ECF No. 811] filed September 9, 2020. As the latter three of these motions all relate to Defendant's Motion for Reduction of Sentence, I will address it first and address the other motions at the end of this opinion.

On March 27, 2020, I granted in part and denied in part Defendant's Motion for Reduction of Sentence pursuant to the First Step Act, [ECF No. 786]. *See* [ECF No. 796]. I granted his Motion in so far as I reduced his sentence of supervised release from a term of ten years to a term of eight years. *Id.* I denied his Motion in regard to

his term of imprisonment. On August 6, 2020, the United States Court of Appeals for the Fourth Circuit vacated that decision and remanded for reconsideration in light of *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), which was issued after my ruling on Defendant's Motion. *See United States v. Tawayne Devone Love*, No. 19-6431, 2020 WL 4530199, at *1 (4th Cir. Aug. 6, 2020).

## I.   Background

As I previously held, Defendant is eligible for a reduction in sentence under § 404(b) of the First Step Act. *See* [ECF No. 796]. The First Step Act of 2018 expressly allows courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019). Modifying the sentence under § 3582(c)(1)(B) does not require a hearing or Defendant's presence. *See e.g.*, *United States v. Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2 (S.D.W. Va. Nov. 21, 2019) ("Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing."); *Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019), order amended and superseded, No. 4:95-CR-39, 2019 WL 6039954 (E.D. Va. Nov. 14, 2019). "It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case." *United States v. Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2 (S.D.W. Va. Nov. 21, 2019). As I previously reasoned, a hearing in this case on Defendant's Motion is not necessary.

"Under the First Step Act, Congress authorized the courts to provide a remedy for certain defendants who bore the brunt of a racially disparate sentencing scheme." *Chambers*, 956 F.3d at 674. "The First Step Act is a remedial statute intended to correct earlier statutes' significant disparities in the treatment of cocaine base (also known as crack cocaine) as compared to powder cocaine." *Wirsing*, 943 F.3d at 175. Section 404 of the First Step Act applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. The Fair Sentencing Act was intended to address the 100-to-1 ratio that drastically contributed to the racialized sentencing inequalities between offenses involving powder cocaine versus crack. *See id.* at 178. Any defendant sentenced before the effective date of the Fair Sentencing Act (August 3, 2010), who did not receive the benefit of the changes to the statutory penalties made by the Act, is eligible for a sentence reduction under the First Step Act. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base that triggers the mandatory minimum and maximum penalties under 21 U.S.C. § 841.

On June 22, 2004, Defendant plead guilty to Count Five of the indictment, Possession with the Intent to Distribute 50 Grams or More of Cocaine Base ("Count Five"), and Count Six of the indictment, Possession of a Firearm in Furtherance of a Drug Trafficking Crime ("Count Six"). *See* [ECF No. 205]. The First Step Act affects the penalties of Count Five but has no effect on Count Six.

I originally sentenced Defendant to a term of imprisonment of 300 months followed by 10 years of supervised release on Count Five, and a term of imprisonment

of 60 months followed by 5 years of supervised release on Count Six. The terms of imprisonment run consecutively, for a total sentence of 360 months or thirty years. And the terms of supervised release run concurrently for a total sentence of ten years.

## II.   Retroactive Application of the Fair Sentencing Act of 2010 under the First Step Act

### a.  Statutory Penalties

Prior to the Fair Sentencing Act of 2010, Possession with the Intent to Distribute 50 Grams or More of Cocaine Base carried a penalty of a minimum of 10 years to life imprisonment, followed by a term of supervised release of at least 5 years. A conviction carrying these penalties qualifies as a Class A felony. The Fair Sentencing Act amended 21 U.S.C § 841(b)(1)(A)(iii) to require 280 grams of cocaine base to trigger the associated minimum and maximum penalties. After the enactment of the Fair Sentencing Act, Distribution of 50 Grams or More of Cocaine Base is covered under 21 U.S.C. § 841(b)(1)(B)(iii), which carries a penalty of a minimum of 5 years to 40 years of imprisonment, followed by a term of supervised release of at least 4 years. A conviction carrying these penalties qualifies as a Class B felony. Section 404 of the First Step Act therefore places Defendant's cocaine base conviction, Count Five, within the scope of 21 U.S.C. § 841(b)(1)(B)(iii).

However, Defendant's statutory penalties were increased as a repeat offender pursuant to an Information filed by the Government under 21 U.S.C. § 851.  The Information originally increased Defendant's penalties to a minimum of 20 years and a maximum of life imprisonment, followed by at least 10 years of supervised release.

*See* 21 U.S.C. § 841(b)(1)(A)(viii). Considering the First Step Act's reclassification of Defendant's 2004 conviction for Possession with the Intent to Distribute 50 Grams or More of Cocaine Base, the Information would now increase his penalties to a minimum of 10 years and a maximum of life imprisonment, followed by at least 8 years of supervised release. In short, the effect of the First Step Act reduces Defendant's statutory penalties on Count Five from a minimum of 20 years and a maximum of life imprisonment to a minimum of 10 years and a maximum of life imprisonment. The effect of the First Step Act also reduces the minimum period of supervised release from 10 to 8 years on Count Five.

### b. Sentencing Guidelines

At the sentencing hearing on May 9, 2005, I found that the amount of cocaine base attributable to Defendant was 86.4 grams of cocaine base, which under the 2004 United States Sentencing Guidelines ("Guidelines") established a base offense level of 32 for Count Five. U.S.S.G. § 2D1.1(c)(4) (2004). He received a 2-point enhancement for obstruction of justice under § 3C1.1, increasing his offense level to 34. Sentencing Tr. [ECF No. 454] 35:25, 36:1. Defendant was also subject to the provisions of the Career Offender enhancement. He was older than 18 years of age at the time Count Five was committed. Count Five qualifies as a felony conviction of a controlled substance offense. He had two prior felony convictions: (1) for Possession of Marijuana with Intent to Distribute, which qualifies as a controlled substance offense under § 4B1.2, and (2) for Second Degree Murder, which qualifies as a crime of violence under

5

§ 4B1.2. *See id.* § 4B1.2. Accordingly, pursuant to § 4B1.1, his total offense level was increased to 37 and his criminal history category automatically became VI, yielding a Guideline range of 360 months to life imprisonment. *See id.* As previously stated, I sentenced Defendant to 300 months of imprisonment on Count Five, which constituted a downward variance from the applicable Guideline range.

Applying the First Step Act does not change Defendant's Guideline sentencing range. I must accurately recalculate the Guidelines, taking into account intervening law. *See Chambers,* 956 F.3d at 672. Amendment 782 modified the Drug Quantity Table, lowering the base offense levels assigned to different amounts of cocaine base. Amendment 782 is retroactive. *See* U.S.S.G. § 1B1.10 (2018). Therefore, it is appropriate to apply Amendment 782 to Defendant's case. *See Chambers,* 956 F.3d at 672. Under the amended Drug Quantity Table, 86.4 grams of cocaine base establishes a base offense level of 24. *See* U.S.S.G. § 2D1.1(c)(8) (2018). I apply the 2-point enhancement for obstruction of justice, increasing the total to 26. His total offense level, however, increases to 37 because of the Career Offender enhancement. *See id.* at § 4B1.1(b). Defendant's Guideline range—as amended by the First Step Act and considering any appropriate Guideline amendments—is 360 months to life imprisonment.

## III.   Discussion

Retroactively applying the Fair Sentencing Act of 2010 affects Defendant's exposure to statutory penalties but does not change his Guideline sentencing range.

Defendant's original minimum imprisonment exposure was a total of twenty-five years (twenty years for Count Five and five years for Count Six, required to run consecutively). He also was statutorily required to serve a minimum of ten years of supervised release (ten years for Count Five and five years for Count Six, which could run concurrently). The application of that statute changes Defendant's minimum imprisonment exposure to a total of fifteen years (ten years for Count Five and five years for Count Six, required to run consecutively). Applying the Fair Sentencing Act also changes Defendant's mandatory minimum supervised release period to a total of eight years (eight years for Count Five and five years for Count Six, which can run concurrently). Because of Defendant's designation as a career offender, however, his Guideline sentencing range—considering the Fair Sentencing Act and appropriate Guideline amendments—remains 360 months to life in prison, which is no different than when he was originally sentenced.

As the Fourth Circuit stated in *Chambers*, Section 404(b) expressly permits the court to "*impose* a reduced sentence," not just modify or reduce the sentence. *See Chambers*, 956 F.3d at 675 (emphasis added). This interpretation means that the First Step Act requires more than a mere "mechanical application of the Fair Sentencing Act…." *See id.* I have the authority to reduce Defendant's sentence under the First Step Act even though his Guideline range did not change. *See United States v. Chambers*, 956 F.3d 667, 675 (4th Cir. 2020). In determining whether to use my discretion to impose a reduced sentence, I look to the § 3553(a) sentencing factors.

7

*See id.* I may also consider Defendant's post-sentencing conduct in deciding whether to vary from the Guidelines. *See id.*

After considering the § 3553(a) factors and the Defendant's post-sentence conduct,[1] I decline to reduce his sentence of imprisonment. Section 3553(a) mandates that whatever sentence I impose be sufficient but not greater than necessary to accomplish the following:

    a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b) to afford adequate deterrence to criminal conduct;
    c) to protect the public from further crimes of the defendant; and
    d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The statute also requires that I take into account the "nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines… [and] any pertinent policy statement." *Id.*

In this case, the offenses are quite serious and demonstrate a great need to protect the public from potential further conduct of Defendant. Although neither Count Five nor Count Six were charged as a conspiracy, the relevant conduct

---

[1] Defendant includes in his Motion that during his incarceration he has taken several classes including college classes and has published several novels. *See* [ECF No. 786]. He also represents to the court that he has written multiple screen plays.

8

represents a conspiracy that involved several people securing large quantities of powder cocaine and crack cocaine for distribution. *See* Presentence Report [ECF No. 784] 5–7. Defendant possessed a loaded firearm in connection with his distribution of drugs. As I expressed at Defendant's sentencing hearing, "the seriousness of drug dealing increases dramatically when firearms are involved in the offense because of the greatly increased risk of violence." Sentencing Tr. [ECF No. 454] 61: 11–16.

Moreover, Defendant has a history of violence. He has a prior conviction for second-degree murder in West Virginia. Presentence Report [ECF No. 784] 10. That offense further demonstrates Defendant's history of illegal use of firearms. Sentencing Tr. [ECF No. 454] 57–59. Within two years after he was paroled from prison for the murder conviction, Defendant committed the instant offenses. *Id.* at 60:21–22. The proximity in time between his release from state prison and his resumption of serious criminal behavior leads me to believe that Defendant lacks a sufficient interest in rehabilitating himself and demonstrates a likelihood for recidivism. This activity magnifies the need to protect the public in determining a just sentence.

Nevertheless, I reiterate that my original downward departure from the Guidelines was warranted. I imposed 300 months on Count Five, which was and remains to be 60 months below the Guideline range. I did so because of Defendant's age and the surmised ability for him to have some life other than prison.

Based on Defendant's past history and personal characteristics, I believe that the original sentence of imprisonment of 300 months on Count Five, remains sufficient but not greater than necessary, to satisfy the provisions of 18 USC § 3553(a), to promote respect for the law, to protect the community, and to provide adequate deterrence. This sentence of 300 months of imprisonment on Count Five runs consecutively to Defendant's sentence of 60 months of imprisonment on Count Six, as required by statute. Defendant's Motion to reduce his sentence of imprisonment is **DENIED**.

Conversely, I find that a reduction in Defendant's term of supervised release is warranted. I originally imposed a 10-year term of supervised release—the mandatory minimum at the time. The application of the First Step Act reduces the mandatory minimum period of supervised release to 8 years on Count Five. I sentenced Defendant to the minimum period of supervised release available at the time of his sentence. Because that statutory minimum period has changed, I find it justifiable and appropriate to decrease Defendant's sentence of supervised release from 10 years to 8 years on Count Five. This sentence of 8 years of supervised release on Count Five shall run concurrently with Defendant's sentence of 5 years of supervised release on Count Six. Defendant's Motion to reduce his sentence of supervised release is **GRANTED**.

IV.   **Defendant's Supplemental Motions**

While his Motion for Reduction of Sentence [ECF No. 786] was pending, Defendant made three subsequent filings: a Motion to Resubmit his Motion for Reduction of Sentence [ECF No. 809], a Motion to Open Discovery on his Motion for Reduction of Sentence [ECF No. 810], and a Motion to Expedite the Court's decision on his Motion for Reduction of Sentence [ECF No. 811]. I will address each in turn, but ultimately all three are **DENIED as moot.**

Defendant's Motion to Resubmit requested permission for Defendant to resubmit his Motion for Reduction of Sentence. [ECF No. 809]. In this Motion, Defendant alleged need to update court on recent developments included recent class completions and the status of the COVID-19 pandemic at FCI-Gilmer. Finding that enough information was provided in this filing and previous proceedings in this case, I did not find it necessary for Defendant to resubmit his filings before I ruled on his Motion for Reduction of Sentence.

In his Motion for Discovery [ECF No. 810], Defendant seeks discovery exclusively related to how FCI-Gilmer is responding to the COVID-19 pandemic. FCI-Gilmer's response to the COVID-19 pandemic is irrelevant, and as such, I did not find discovery necessary to make my decision in Defendant's Motion for Reduction of Sentence.

In his Motion to Expedite [ECF No. 811], Defendant seeks to hasten my decision on his Motion for Reduction of Sentence. As I have now ruled on that Motion for Reduction of Sentence, this Motion to Expedite is moot.

Interspersed throughout these three filings were allegations that Defendant is at an increased risk of harm from the COVID-19 pandemic while incarcerated, and specifically allegations that FCI-Gilmer is not responding to COVID-19 in a way that prioritizes inmate safety. [ECF No. 809, 810]. I need not decide whether any of these filings were intended to be construed as a Motion for Compassionate Release because, if they had been, I would have denied that Motion without prejudice for, among other things, failure to allege a health condition that puts Defendant at a higher risk for serious complications from COVID-19.

As I have noted in numerous opinions, the First Step Act, in addition to its role in addressing disparate sentencing schemes, "authorizes the district courts to exercise there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020). Once an inmate has exhausted their administrative remedies,[2] *see* 18 U.S.C. § 3582(c)(1)(A), the district court then determines, among other things, whether there is an extraordinary and compelling reason to release the defendant from custody, *see United States v. Howard,* No. 4:15-CR-0018-BR, 2020 WL 2200855, at 2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). I have held that I should not

---

[2] Defendant included the request for compassionate release that he filed more than 30 days ago with the FCI-Gilmer warden in his filings. [ECF No. 809, at 9].

find "extraordinary and compelling" reasons exist to grant release because of the COVID-19 pandemic unless the inmate has a condition that makes him more at risk for developing a serious illness from COVID-19 and the facility where the inmate is housed has conditions such that its inmates are at a high risk of contracting COVID-19. *United States v. Wilson*, ---F. Supp. 3d ---, ---, No. 2:18-cr-00295, 2020 WL 4287592, at *2 (S.D. W. Va. July 27, 2020). In deciding which conditions result in an inmate being a higher risk for COVID-19, I defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 1, 2020).

If Defendant's references to the COVID-19 pandemic and requests for discovery about FCI-Gilmer's response to the pandemic are intended to be a Motion for Compassionate Release, I would be forced to deny it without prejudice because Defendant did not allege a medical condition on the CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. [ECF No. 14–16].

## V.    Conclusion

Under reconsideration upon remand, Defendant's Motion for Reduction of Sentence pursuant to the First Step Act, [ECF No. 786], is **GRANTED in part** and **DENIED in part**. Defendant's subsequent filings [ECF Nos. 809, 810, 811] are **DENIED as moot.** The court **ORDERS** Defendant's term of supervised release

13

reduced from 10 years to 8 years, to run concurrent with his sentence of supervised release on Count Six. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     October 5, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

14